THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* J. D. TILLIS, Defendant-Appellant.

First District (4th Division)    No. 61983

Opinion filed June 23, 1976.

James J. Doherty, Public Defender, of Chicago (Anthony Pinelli, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

J. D. Tillis was charged with armed robbery. After a bench trial, he was found guilty and sentenced to 2 years of work release. Defendant appeals from his conviction and argues that his identity as the offender was not proved beyond a reasonable doubt.

The State called three witnesses to testify. Rossetta Mosley, the complainant, testified that on the evening of August 29, 1972, she had been to a bingo game with friends. After leaving the bingo game, she drove to 123 North Central Avenue, parked her car in the parking lot, and entered the building with her two companions where a man put a pistol in her face and announced the stickup. During the robbery, which lasted 3 to 5 minutes, the witness testified that she was able to see the assailant even though his face was partially covered with his shirt, because there was a light over the door where the robbery occurred. Ms. Mosley explained how the confederate took her purse which contained about $140 and a watch. After the robbery, the complainant was taken to the police station where she picked the defendant out of a lineup.

The next witness called by the State was Lillian Pearl Childs, a friend of the complainant. Ms. Childs testified that she lived at 123 North Central Avenue and was with the complainant when two men announced the stickup. The witness further stated that after the incident, she viewed a lineup at the police station and identified the defendant. She also made an in-court identification, testifying that the defendant was the man who held the gun and that she was able to see him because there was a light in the garage.

The final witness for the State was Officer Patrick O'Connor who testified that he received a call about an armed robbery and proceeded to 123 North Central. After obtaining a description, he began searching the area with his partner, and they saw a suspect who matched the description they received from Ms. Mosley and Ms. Childs: black shirt, brown pants, about 5 feet 10 inches tall, and weighing about 160 pounds. The officers stopped their car, approached the suspect, asked him some questions, and conducted a "pat-down" search which culminated in the discovery of a gun. The defendant was placed under arrest for possession of a revolver, taken to the police station, and placed in a lineup.

After the State rested its case in chief, the defendant called Officer Earl

Severin, Officer O'Connor's partner, as a witness. He testified that the defendant was taken to the scene of the robbery before he was taken to the police station.

The defendant testified that on August 29, 1972, he was approached by two police officers as he returned from the grocery store with a bag containing "ice cream, popcorn, and pop." Tillis further testified that after his arrest, he was taken to an alley at Central and Washington where two ladies observed him and told the police, "that's the man." The defendant was taken to the police station where he was observed by Ms. Mosley and Ms. Childs as he entered the station in handcuffs. The witness testified that later that evening he was placed in a lineup. Finally, the defendant identified the gun in court, but denied that he used it to rob the complainant.

When the defendant rested his case, the People called Officer O'Connor in rebuttal. Officer O'Connor stated that the defendant was not carrying any packages when he was stopped. Officer Severin was also recalled and testified that the defendant was taken back to the scene of the robbery, but that he was not displayed to Ms. Childs or Ms. Mosley and was not carrying a bag when arrested.

■■ The defendant contends that his identity was not proved beyond a reasonable doubt because the two witnesses who identified him only had a brief encounter with the robber and did not get a good look at him since his face was covered during the robbery. We disagree with defendant's contention. In this State, the identification by one witness if positive and credible is sufficient to convict even though the testimony is contradicted by the accused. *(People v. Guyton* (1969), 114 Ill. App. 2d 394, 403, 252 N.E.2d 665.) In the instant case, the defendant was identified by two witnesses. The complainant testified that the robbery took place during a 3- to 5-minute period, that during the period, she had an opportunity to observe the defendant, and that she was able to see him even though his face was covered because the lighting was good. The complainant's friend, Ms. Childs, corroborated the testimony and stated that she also had an excellent opportunity to view the defendant. Moreover, the witnesses identified the defendant at a lineup shortly after the robbery and at the trial. Their testimony was positive and credible and neither identification was doubtful or uncertain, nor were they shaken during cross-examination. In addition to the preceding evidence, the defendant was arrested a few blocks from the scene of the robbery with a small black gun in his pocket.

■■ In a bench trial, the determination of the credibility of witnesses and the weight to be given their testimony are matters for the trial judge. A reviewing court will not substitute its judgment unless the proof is so unsatisfactory, improbable, or implausible as to justify a reasonable

doubt as to defendant's guilt *(People v. Guyton* (1969), 114 Ill. App. 2d 394, 404, 252 N.E.2d 665; *People v. Foster* (1966), 72 Ill. App. 2d 337, 344, 219 N.E.2d 683.) In applying this rule to the proof in the case at bar, we hold that the identification testimony, coupled with the other evidence, was sufficient to establish the defendant's guilt beyond a reasonable doubt.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and BURMAN, JJ., concur.